IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KEVIN BLAKE LOFLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:18CV221 |
| v. ) | 1:16CR375-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Petitioner Kevin Blake Loflin has brought a motion (Docket Entry 28) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In late 2016, Petitioner pled guilty, pursuant to a plea agreement, to a single count of bank robbery and was sentenced as a career offender to 156 months of imprisonment. (Docket Entries 1; 11-12; 22; 19, ¶ 17; 32 at 5; Minute Entries 12/8/2016 and 3/17/2017.) Petitioner did not appeal but instead filed the instant motion (Docket Entry 28) and a supporting memorandum (Docket Entry 29). The Government, in turn, filed a response. (Docket Entry 33.) Petitioner then filed a motion for an extension of time to file a reply (Docket Entry 35), a reply (Docket Entry 36), a motion for the appointment of counsel (Docket Entry 37), three supplements (Docket Entries 38, 43, and 44), a motion for an evidentiary hearing (Docket Entry 47), and a motion to amend his original § 2255 motion (Docket Entry 50).[1] The Court next ordered the Government to file a response

---

[1] Petitioner filed a pleading he titled an amendment to his § 2255 motion. (Docket Entry 50.) Federal Rule of Civil Procedure 15(a) provides, "A party may amend its pleading once as a matter of course within 21 days after serving it" or within 21 days of a responsive pleading or motion under

to Petitioner's motion to amend. (Text Order 1/29/2020.) The Government then filed a motion to dismiss (Docket Entry 55) and Petitioner filed a response in opposition (Docket Entries 59-60). The matter is now ripe for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

## PETITIONER'S GROUNDS FOR RELIEF

Petitioner raises two grounds for relief. In his first ground, which Petitioner brought *pro se*, he asserts that his sentencing counsel was ineffective for failing to investigate and discover and inform the Court that he had been erroneously designated as a career offender because one of his two qualifying predicate offenses ("the Virginia convictions") should not have counted towards that designation. (Docket Entry 28, Ground One.) Specifically, Petitioner asserts that his sentencing counsel "failed to investigate whether or not [he] served any active sentence on the probation [related to the Virginia convictions], which was used as a qualifying predicate" and therefore failed to discover and bring to the Court's attention the fact that he "has not served any sentence in the State of Virginia since 1995." (*Id.*) Petitioner's second ground for relief, set forth in a motion to amend filed by new counsel, contends that

---

Rule 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* Although Petitioner states that the Government does not object to an amendment, the Government has not provided its written consent to the amendment, and the time to amend as of right has expired. (Docket Entry 50 at 1.) Consequently, the Court will treat this pleading as a motion to amend. (Docket Entry 50.) The Court will also grant Petitioner's motion to amend (Docket Entry 50) and consider his additional ground for relief. Beyond this, the Court will grant the motion for additional time to file a reply (Docket Entry 35) and deem Petitioner's reply (Docket Entry 36) timely filed, deny the motion for the appointment of counsel (Docket Entry 37) as moot in light of Petitioner's retention of counsel, and deny Petitioner's request for an evidentiary hearing (Docket Entry 47) for the reasons set forth herein.

2

the Court erroneously sentenced Petitioner as a career offender because the Virginia convictions do not count towards that designation. (Docket Entry 50 at 3.) Specifically, Petitioner asserts that "the trial court's finding of career offender status based upon paragraph 26 of the PSR constitutes an error of law justifying Petitioner's request for relief under 28 U.S.C. § 2255(a)." (*Id.*) As explained below, neither ground warrants any relief.

## DISCUSSION

The Court notes, as a threshold matter, that the Government raises the statute of limitations as to Petitioner's second ground for relief. (Docket Entry 55 at 3.) In that ground, as noted, Petitioner, through counsel, alleges that "the trial court's finding of career offender status based upon paragraph 26 of the PSR [describing the Virginia convictions and sentence] constitutes an error of law" because "Paragraph 26 of the PSR does not reflect a period of incarceration occurring within 15 years of the instant offense as required by U.S.S.G. § 4A1.2(e)(1)." (Docket Entry 50 at 3.) However, regardless of whether this ground for relief is timely, it does not entitle Petitioner to relief.

As the Fourth Circuit Court of Appeals has previously pointed out, an erroneous career offender designation under the advisory guidelines cannot be corrected on collateral review. More specifically,

> [t]he language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. The Supreme Court has instructed that only those errors presenting a "fundamental defect which inherently results in a complete miscarriage of justice" are cognizable. *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (internal quotation marks omitted). We are not convinced that Appellant's pre-*Simmons* career offender designation meets this high bar.

3

> Neither Appellant's federal offense of conviction nor his state convictions qualifying him as a career offender have been vacated, he was sentenced under an advisory sentencing scheme, and we are hesitant to undermine the judicial system's interest in finality to classify a Sentencing Guidelines error as a fundamental defect.

*United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015). Petitioner's assertion that he is entitled to relief because the Court erroneously designated him as a career offender is therefore barred by *Foote* and cannot proceed further.[2]

The Court will, however, consider Petitioner's ineffective assistance of counsel claim, which can proceed. To prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). A petitioner bears the burden of showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, a petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

---

[2] If this ground were not barred by *Foote*, it would still fail for the same reasons that Petitioner's ineffective assistance of counsel ground fails, which are set out below. Petitioner also suggests that the Court may not consider the revocation order addressed below without first holding an evidentiary hearing. (Docket Entry 59 at 4 ("[T]he government relies upon the Virginia Order of December 23, 2004 (Doc. 44, pgs. 3-4) which is outside the record considered by the sentencing judge. Such an argument and conclusion could only be determined by a hearing wherein all relevant documents and evidence are available to this Court.").) However, it was Petitioner who provided the revocation order and asked the Court to consider it in the first instance, which the Court has done. (Docket Entry 44.) For the reasons set forth in this Recommendation, the record conclusively demonstrates that Petitioner's allegations have no merit. Because the record demonstrates conclusively that Petitioner is not entitled to relief, no hearing is necessary. 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing . . . .").

Petitioner contends that he was improperly designated a career offender because his Virginia convictions did not count as a qualifying predicate offense and that counsel was ineffective for failing to discover this and bring it to the Court's attention. When Petitioner was sentenced, a defendant was properly designated a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2016).

In this context, a "prior felony conviction" is an "adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, comment. n. 1 (2016); *id.* comment. n. 3 ("The provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1."). For a prior felony conviction to count, it must be a "prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense" or a "prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1) (2016).

"Revocation of probation . . . may affect the time period under which certain sentences are counted as provided in [U.S.S.G.] § 4A1.2(d)(2) and (e)." U.S.S.G. § 4A1.2(k)(2) (2016).

5

*See also* U.S.S.G. § 4A1.1(a), comment. n. 1 ("Where a prior sentence of imprisonment resulted from a revocation of probation, parole, or a similar form of release, see § 4A1.2(k)."). Pursuant to U.S.S.G. § 4A1.2(b)(2), when part of the term of imprisonment is suspended, "'sentence of imprisonment' refers only to the portion that was not suspended." U.S.S.G. § 4A1.2(b)(2).

Here, Petitioner's instant crime of conviction involved a bank robbery in Winston-Salem on September 6, 2016.[3] (Docket Entry 19, ¶ 3.) At sentencing, Petitioner was designated a career offender in light of two qualifying predicates. (*Id.*, ¶¶ 17, 26, 34.) One of these predicates, which Petitioner does not challenge, was a 2005 North Carolina conviction for felony robbery with a dangerous weapon. (*Id.*, ¶ 34.)

The other qualifying predicate, which Petitioner does challenge, were his 1991 Virginia convictions for felony robbery, felony use of a firearm in connection with the robbery, and felony entering a bank in order to commit the robbery. (*Id.*, ¶ 26.) His sentence for felony robbery was ten years of imprisonment, all suspended but six years. (*Id.*) His sentence for felony use of a firearm in connection with the robbery was two years of imprisonment. (*Id.*) His sentence for felony entering a bank in order to commit a robbery was 20 years suspended. (*Id.*) He also received 15 years of supervised probation and restitution of $2,240. (*Id.*) On

---

[3] In one of his supplements, Petitioner contends that his instant conviction for unarmed bank robbery in violation of 18 U.S.C. § 2113(a) does not constitute a crime of violence that would support the career offender designation. (Docket Entry 43.) This argument is not persuasive. *See United States v. Springs*, 724 Fed. App'x 206, 207 (4th Cir. 2018) ("Springs qualifies as a career offender. An individual is a career offender if he is at least 18 years of age at the time of the offense of conviction, the offense of conviction is a crime of violence or a controlled substance offense, and he had sustained two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). Springs' offense of conviction qualifies as a crime of violence. *Cf. United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) ("[B]ank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3) . . . .").").

6

December 17, 2004, Petitioner's probation was revoked, and he was sentenced to 24 years of imprisonment, 22 years suspended, and a special condition of six months supervised probation. (*Id.*)

Counsel has filed an affidavit stating that he believed the career offender designation was properly applied, and that as a matter of strategy, rather than challenge the career offender designation, he decided to argue for a downward variance from the advisory guideline imprisonment range. (Docket Entry 33, Attach. A at 2.) As for the challenged Virginia convictions, counsel's view was that "the 24-year probation revocation sentence imposed December 17, 2004, in Montgomery County Circuit Court, Christiansburg, Virginia, with 22 years suspended, was sufficient to bring the sentence in paragraph 26 of the presentence report within the 15-year time window for assessing criminal history points under U.S.S.G. §§ 4A1.1(a), 4A1.2(a)(2)(A), 4A1.2(e)(1) and 4A1.2(k)(2)(A)." (*Id.* at 4.) Additionally, counsel has attached a letter to his affidavit written by Petitioner before sentencing, in which Petitioner references his Virginia convictions and, in pertinent part, states "In paragraph 26 in my [pre-sentence report ("PSR")] there is no mention of Virginia filing a fugitive warrant for my arrest in late 2001. I was arrested (no other charges), extradited, and my probation was then activated."[4] (*Id.* at 10.)

Counsel states "[t]hat is consistent with the computerized criminal history records we received in discovery from the Government, which indicate the Forsyth County Sheriff's Office arrested Mr. Loflin on the fugitive warrant on October 9, 2001." (*Id.* at 5.) Counsel

---

[4] Petitioner does not deny that he wrote these statements to counsel.

states further that "the arrest and extradition he described, as corroborated by the records we had, placed him in custody for the sentence described in paragraph 26 of the presentence report less than 15 years before September 6, 2016, when he committed the bank robbery in this case. Accordingly, even if Mr. Loflin had explained the matter to me in the way he now does in his Section 2255 motion, I would have had no reason to investigate further, and my advice to him would have been the same." (*Id.* at 5-6.)

Moreover, at sentencing, counsel argued for a below guidelines sentence, and accurately notes that although the Court did not vary downward from the advisory guideline imprisonment range of 151 to 188 months, the 156-month sentence imposed was well below the high-end sentence recommended by the Probation Officer and the Government. (*Id.* at 4-5; Docket Entry 32 at 6, 14.) Counsel also specifically pointed out to the Court at sentencing that "Virginia has that sort of long supervision approach . . . [and] but for that, these [Virginia convictions] might not have been counted as career offender predicates, so there is that to consider." (Docket Entry 32 at 15.)

This was not an unreasonable strategy for counsel to adopt given the entire record, including the PSR, the revocation order, and Petitioner's admission that his probationary period had been activated. More specifically, as noted, the PSR indicates that on December 17, 2004, Petitioner's probation for the Virginia convictions was revoked, and he was sentenced to 24 years of imprisonment, 22 years suspended, and a special condition of six months supervised probation. (Docket Entry 19, ¶ 26.) This revocation fell within the applicable 15-year time period. Petitioner's Virginia convictions in paragraph 26 of the PSR

8

was thus properly considered for career offender purposes because the state court revoked his probation on December 17, 2004, and he served at least one day of the sentence within the applicable 15-year time period. *See* U.S.S.G. § 4A1.1(a), comment. n. 1; U.S.S.G. § 4A1.2(k)(2)(A); U.S.S.G. § 4A1.2(e)(1).[5] Petitioner, in fact, conceded this at sentencing when he told the Court how long he was incarcerated. (Docket Entry 32 at 22-23 ("THE DEFENDANT: There was only 45 days of incarceration, long enough to get extradited up there and get me in front of a judge. The day I went in front of the judge, they let me come straight back home to North Carolina. I was out for a couple of years right there.").)

The Montgomery County, Virginia order Petitioner filed with the Court (Docket Entry 44) also supports the conclusion that Petitioner served at least one day of the sentence within the applicable 15-year time period. The order states at the outset that Petitioner was in "custody" and further says, "[t]he execution of the remaining balance of the sentence is suspended for 6 Months." (*Id.* at 3.) Then, in the next paragraph, the order says, "The defendant shall return to the original terms of his probation to commence upon his release from incarceration . . ." (*Id.* at 3.) The order also awards credit for "time served." (*Id.* at 4.)

All this information in the order confirms that Petitioner was in custody for his probation violation on December 17, 2004, that he received a two-year active sentence for the

---

[5] Petitioner asserts in passing that "[t]he probation sentence in question was actually handed down on count 3, use of a firearm. And use of a firearm cannot be used for enhancement purposes." (Docket Entry 36 at 1.) This is not so. First, neither the PSR, nor the revocation order Petitioner provided, support the conclusion that his probationary period only related to his conviction for use of a firearm while committing a robbery. (Docket Entry 19 at ¶ 26; Docket Entry 44 at 3.) Second, in any event, using a firearm while committing a robbery is a crime of violence. *Cf. Robinson v. United States*, No. 7:91CR00036, 2018 WL 2027092, at *6 (W.D. Va. May 1, 2018) ("[U]se or display of a firearm in committing a felony qualifies as a violent felony under the force clause of the ACCA.").

9

probation violation, and that the remaining balance of that two-year sentence, after taking into account credit for time served, was suspended for six months. Petitioner was given credit for the time he spent in confinement (*id.* at 4) and, again, Petitioner even told the Court at sentencing how long he was incarcerated. (Docket Entry 32 at 22-23.) All of this demonstrates that Petitioner served at least one day of the probation violation sentence within fifteen years of the date he committed the instant offense on September 6, 2016. No error occurred by counsel here, much less a prejudicial one.

## **CONCLUSION**

For the reasons set forth above, Petitioner's § 2255 motion, as amended, should be denied. An evidentiary hearing is not warranted in this matter.

**IT IS THEREFORE ORDERED** that Petitioner's motion to amend (Docket Entry 50) and motion for additional time to file a reply (Docket Entry 35) both be **GRANTED** and that Petitioner's motion for the appointment of counsel (Docket Entry 37) and request for an evidentiary hearing (Docket Entry 47) both be **DENIED**.

**IT IS RECOMMENDED** that the Government's motion to dismiss (Docket Entry 55) be **GRANTED** and that Petitioner's amended motion to vacate, set aside or correct sentence (Docket Entry 28) be **DENIED** and that judgment be entered dismissing the action.

_____
Joe L. Webster
United States Magistrate Judge

July 7, 2020
Durham, North Carolina