```
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
KEVIN BLAKE LOFLIN,           )
                              )
        Petitioner,           )
                              )       1:18CV221
     v.                       )       1:16CR375-1
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )
```

## ORDER

This matter is before this court for review of the Recommendation filed on July 7, 2020, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 61.) In the Recommendation, the Magistrate Judge recommends that the Government's motion to dismiss, (Doc. 55), be granted, that Petitioner's amended motion to vacate, set aside, or correct sentence, (Doc. 28), be denied, and that judgment be entered dismissing the action. The Recommendation was served on the parties to this action on July 7, 2020. (Doc. 62.) Counsel for Petitioner filed timely objections, (Doc. 63), to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is

made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

None of his objections has any merit; however, the court will briefly address two of them.

### A. Petitioner's Purported New Claim

First, Petitioner faults the Magistrate Judge for failing to address a claim that he purportedly raised in a prior pro se pleading. (Doc. 63 at 2-3, 6 referencing Doc. 47, Item #3.) However, this objection is not persuasive. As an initial matter, even viewed liberally, nothing in the pleading in question, which is styled a "Motion for a Hearing," (Doc. 47), indicates an intent to raise a new claim. Instead, Petitioner reasserted that he "stand[s] by [his] original ground one claim that [his] attorney Eric Placke did not properly investigate whether or not I served any active sentence of incarceration on the probation which was used as a qualifying predicate." (Id. at 2.) In reasserting his original claim, and asking for a hearing to address it, Petitioner also alleges that "[i]mmediately after my sentencing hearing I verbally expressed my objections to the career offender enhancement. He [Mr. Placke] stated that he would come see me. He did not come see me." (Id. at 1.) In his

-2-

objections, Petitioner (through counsel) now implies that this was a new claim, presumably alleging ineffective assistance of appellate counsel for failing to consult with Petitioner about his appellate rights. (Doc. 63 at 2-3, 6.) However, the court does not view Petitioner's allegation as adequate to set forth a new claim.[1]

And, even assuming for the sake of argument that Petitioner did set forth a new claim in his prior pro se pleading, (Doc. 47), asserting ineffective assistance of counsel for failing to consult with him about his appellate rights, Petitioner still faces an insurmountable obstacle. The proper way to raise a new claim in this context would have been for Petitioner to file a motion to amend his original § 2255 motion. More specifically, Federal Rule of Civil Procedure 15(a) provides, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it" or within 21 days of a responsive pleading or motion under Rule 12(b), (e) or (f), whichever is

---

[1] Petitioner, pro se or through counsel, has not set forth an ineffective assistance of appellate counsel claim and has not requested the reinstatement of his appellate rights. See United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007) (elements of failure to consult claim require defendant to establish that "(1) his attorney had a duty to consult . . . ; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations").

-3-

earlier. Fed. R. Civ. P. 15(a). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. "Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

Here, Petitioner did not raise his purported new claim for ineffective assistance of appellate counsel within 21 days of serving his § 2255 motion, (Doc. 28), or within 21 days of the Government's responsive pleading, (Doc. 33). Therefore, Petitioner could not unilaterally amend his § 2255 motion as a matter of course. Nor has the Government consented to any such amendment. Nor has Petitioner moved for such an amendment.

Moreover, even if the court were to view Petitioner's earlier pleading, (Doc. 47), as a motion to amend his original § 2255 motion to raise an ineffective assistance of appellate counsel claim, it would deny said motion on the grounds of futility. Petitioner's purported new claim is subject to the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). 28 U.S.C. § 2255(f). Where claims raised for the first time in an amended motion are not filed within the

applicable time limit, the untimely claims are barred by AEDPA unless they "relate back" to claims raised in the original filing. Pittman, 209 F.3d at 317; Fed. R. Civ. P. 15(c). Rule 15(c)(1)(B) provides that an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). As the Supreme Court stated in Mayle v. Felix, in the context of a habeas motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a habeas motion is considered timely, no matter how long after the original motion it is filed. 545 U.S. 644, 664 (2005). Rather, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." Id. With respect to claims of ineffective assistance of counsel, a new claim of ineffective assistance of counsel does not relate back to an earlier asserted claim of ineffective assistance of counsel if the "new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" United States v. Gonzalez, 592 F.3d 675, 680 (5th Cir. 2009) (quoting Mayle, 545 U.S. at 650).

Petitioner makes no argument that the claim he proposes to add asserting ineffective assistance of appellate counsel based upon a failure to consult relates back to his initial § 2255 motion. Moreover, a review of the relevant documents makes it clear that Petitioner's proposed amended claim does not relate back to his initial § 2255 motion. The claim raised in the original § 2255 motion alleged ineffective assistance at sentencing. (Doc. Entry 28, Ground One.) The new claim purportedly asserts ineffective assistance of appellate counsel. (Doc. 47.) Petitioner's purported new claim (involving appellate counsel's duty to consult) is different in time and type from his original claim (involving sentencing counsel's duty to investigate and object to a career offender designation) and therefore does not "relate back" to the original claim factually or legally. The mere fact that the timely filed claim and the proposed amended claim each allege ineffective assistance of counsel is not sufficient to defeat the statute of limitations.[2]

---

[2] See Dodd v. United States, 614 F.3d 512, 515 (8th Cir. 2010) ("[I]t is not enough that both an original motion and an amended motion allege ineffective assistance of counsel during a trial."); see also United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance.").

Consequently, the new claim will be allowed only if it is timely as of the date it was purportedly raised. Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003). Where no direct appeal is filed, the conviction becomes final when the notice of appeal period expires. <u>Id.</u>; Fed. R. App. P. 4(b)(1)(A). Here, Petitioner's judgment was entered on May 10, 2017, (Doc. 22), and his time to file an appeal expired later that month. The purported new claim was not filed until November of 2019, (Doc. 47), more than two years later. His amended claim is not timely under section (f)(1). Only if another section gives Petitioner more time to file would an amended claim be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion or claim. Petitioner fails to allege that any unlawful governmental action prevented him from filing a motion or claim. Therefore, section (f)(2) does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right as to this purported claim. This section does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Although Petitioner does not specifically invoke it, section (f)(4) conceivably applies to this claim for relief. However, even giving Petitioner the benefit of any reasonable doubt, this claim is still untimely. Here, the time to file an appeal expired in late May of 2017, and Petitioner did not raise his new claim (assuming he raised it at all) until November of 2019, roughly two years and five months later. Even if the court concluded that Petitioner reasonably took one year from the expiration of his time to file a direct appeal in late May of 2017 to act diligently and discover that he had appellate rights and that those rights had elapsed due to ineffective assistance, his claim would still be time-barred. Even if Petitioner's one-year deadline began in late May of 2018 (thereby accounting for a one-year period of due diligence to discover that he had

-8-

appellate rights and that those rights had lapsed due to ineffective assistance of appellate counsel) and ended in late May of 2019 (thereby accounting for the one-year limitation period), Petitioner's purported claim is still time-barred by more than five months (he did not raise his purported new claim until November of 2019). See, e.g., Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000); Gonzalez-Ramos v. United States, No. 05 Civ. 3974, 99 CR. 1112 (LAP), 2007 WL 1288634, at *8 (S.D.N.Y. May 2, 2007) (collecting cases). For all these reasons, section (f)(4) does not render Petitioner's new claim timely. In sum, the Magistrate Judge's Recommendation did not fail to address a claim raised by Petitioner.

**B.   United States v. Marks**

Petitioner also asserts that the Magistrate Judge's Recommendation violates the holding in United States v. Marks, 864 F.3d 575, 581-82 (7th Cir. 2017). (Doc. 63 at 5.) In Marks, the Seventh Circuit concluded that it could not sustain, on direct appeal, a district court's application of the career-offender guideline, for two reasons. "First, the transcript of the sentencing hearing indicate[d] substantial legal confusion about which guideline provision was being applied and what factual findings were necessary. Second, the government failed to offer sufficient evidence to show as a matter of fact that

-9-

Marks' parole was revoked on at least one of his 1990s convictions." Marks, 864 F.3d at 579.

However, Marks is distinct from this case for many reasons, a few of which the court will note here. Marks is an out-of-circuit case that was decided on July 24, 2017, Marks, 864 F.3d at 575, after Petitioner was sentenced in this case on March 17, 2017. (Minute Entry 03/17/2017.) Petitioner's claim here is one of ineffective assistance of counsel at sentencing and not a direct challenge to a court's guideline determination at sentencing. Given that Marks did not exist at the time of Petitioner's sentencing, counsel could not have brought it to the court's attention at sentencing. Additionally, in Marks, "[t]here [was] no formal court order revoking parole." Marks, 864 F.3d at 577. Here, in contrast, there is a formal state court order revoking probation, which the Magistrate Judge discussed at length in his Recommendation, and which referenced Petitioner's custody, and his incarceration, and which awarded him credit for time served. (Doc. 61 at 9.) Nor did the defendant in Marks admit at sentencing to serving a period of incarceration, as Petitioner did here. (Id. at 9-10.) In short, Marks does not require a different outcome in this case.

In sum, the court has appropriately reviewed the portions of the Magistrate Judge's Recommendation to which objection was

-10-

made and has made a de novo determination which is in accord with the Magistrate Judge's report. The court therefore adopts the Magistrate Judge's Recommendation.

In addition to the analysis by the Magistrate Judge, this court further observes that the applicable guideline only requires that a relevant prior sentence of imprisonment result "in the defendant being incarcerated during any part of such fifteen-year period" to qualify. U.S.S.G. § 4A1.2(e)(1). That specific language focuses on whether a defendant is "incarcerated." In his objections, Petitioner argues that he was not incarcerated within the 15-year period, but was instead detained in pre-trial detention status. (Doc. 63 at 3.) Because Petitioner was not "incarcerated" pursuant to the Virginia order imposed in 2004, (Doc. 44 at 3-4), the conviction should not have been counted.

"Incarceration" is generally understood as the confinement of an individual pursuant to a final judgment, while "detention" is generally understood to refer more broadly to the confinement of an individual by stop, arrest, or while awaiting trial or sentencing. See, e.g., 28 U.S.C. § 1915A(c). However, the term "incarcerated person" has been more broadly defined to include "any individual incarcerated in a Federal or State correctional

institution who is charged with or convicted of any criminal offense." 34 U.S.C. § 12124(b)(4).

Petitioner relies on the language of the 2004 order to support his argument. However, this argument fails to recognize that he was arrested and incarcerated as a result of his violation of the original 1991 judgment, (see Doc. 19 at 8), not the 2004 order, when he violated his probation. Once the court found, under the terms of the 2004 order, (Doc. 44 at 3), that Petitioner had violated the terms of the suspension of his sentence,

> the court shall revoke the suspension and the original sentence shall be in full force and effect. The court may again suspend all or any part of this sentence and may place the defendant upon terms and conditions or probation.

Va. Code Ann. § 19.2-306(C). Because the 2004 order found that "a portion of the suspended sentence and the placing of defendant on probation is hereby revoked," (Doc. 44 at 3), it appears to this court that the sentence Petitioner served between the time of his arrest pursuant to the Fugitive Warrant and the time of his release pursuant to the 2004 Revocation is properly classified as a period of incarceration. Defendant was confined pursuant to the provisions of the original 1991 judgment. At a minimum, Petitioner has failed to demonstrate that his understanding of that period as a period of

incarceration, (Doc. 33, Attach. A at 10 ("my probation was then activated")), and counsel's understanding, (Doc. 33 at 4), and the Magistrate Judge's analysis, (Doc. 61 at 7-10), are incorrect.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 61), is **ADOPTED. IT IS FURTHER ORDERED** that the Government's motion to dismiss, (Doc. 55), is **GRANTED,** that Petitioner's amended motion to vacate, set aside, or correct section, (Doc. 28), is **DENIED**, and that this action is dismissed.

A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 28th day of September, 2020.

_____
                United States District Judge

-13-

Case 1:16-cr-00375-WO   Document 64   Filed 09/28/20   Page 13 of 13